59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas Kay KINNANE, Petitioner-Appellant,
v.
John SLANSKY, Chief, Department of Parole and Probations;
Frankie Sue Del Pappa, Attorney General, State of
Nevada, Respondents-Appellees.
 No. 94-17040.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Kay Kinnane, a former Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Kinnane was convicted of three counts of battery with a deadly weapon. Kinnane contends that the district court erred in dismissing his petition as moot. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and vacate and remand.
 
 
 3
 "[A] habeas petition challenging a conviction becomes moot 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.' " Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir.1994) (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)). A habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody. Id.; see also Larche v. Simons, No. 93-16950, slip op. 5161, 5167 (9th Cir. May 8, 1995) (applying Chacon to hold that petition not moot merely because petitioner's term of probation expired before district court addressed merits).
 
 
 4
 Here, Kinnane filed his habeas petition in the district court on August 26, 1993. Kinnane was released from parole on October 4, 1993. Subsequently, the State filed a motion to dismiss Kinnane's petition as moot. Kinnane did not file opposition to this motion. The magistrate judge recommended granting the State's motion on the grounds that the petition was moot and Kinnane failed to comply with D.Nev.R. 140-6 because he did not file opposition to the motion. The district judge adopted the report and recommendation, granted the State's motion, and dismissed Kinnane's petition.
 
 
 5
 The district court erred in dismissing Kinnane's petition as moot. See Chacon, 36 F.3d at 1463. Kinnane's petition did not become moot once he was released from custody because there is a possibility that collateral consequences will be imposed on the basis of the conviction. See Sibron, 392 U.S. at 57; Chacon, 36 F.3d at 1463. Kinnane was not required to affirmatively show collateral consequences. See Chacon, 36 F.3d at 1463. Accordingly, we VACATE the district court's judgment and REMAND for further proceedings consistent with this decision.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3